UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LATWANDA EVANS                                                                         PLAINTIFF

VS.                                          CASE NO. 05-CV-1086

AUTOZONE STORES, INC., et al.                                                DEFENDANTS

## ORDER

Before the Court is a Motion to Compel filed on behalf of the Plaintiff, Latwanda Evans. (Doc. No. 33). The Defendants have filed a response. (Doc. No. 35). Plaintiff has filed a reply to the response. (Doc. No. 38). The matter is ripe for consideration.

## BACKGROUND

On September 20, 2005, Latwanda Evans filed this employment discrimination action against the Defendants, AutoZone Stores, Inc., Daniel Hollingsworth, Alton Tullis, Larry Helton and various John Does. The trial is currently set for the week of June 4, 2007. On November 22, 2006, the Defendants submitted their Rule 26(a) Initial Disclosures to the Plaintiff. In their Initial Disclosures, the Defendants listed nine witnesses who had discoverable knowledge regarding Defendants' defenses, described documents to might use to support their defenses and stated that it had an EPLI insurance policy. On January 12, 2007, the Plaintiff's counsel sent a letter to defense counsel stating that the Defendants' Initial Disclosures were inadequate in that it didn't provide the addresses and telephone numbers of the nine witnesses listed and didn't include copies of the listed documents. The letter also stated that a motion to compel would be filed if the deficiencies were not rectified. On January 17, 2007, defense counsel responded to the

Plaintiff's letter by stating that the listed company witnesses could be contacted through counsel and the EEOC representative could be contacted at the Little Rock EEOC office, giving the EEOC office telephone number. On April 3, 2007, Plaintiff propounded upon the Defendants interrogatories and requests for production of documents. On April 4, 2007, the Plaintiff filed this Motion to Compel asking the Court to order the Defendants to provide the Plaintiff with the required addresses and telephone numbers and copies of the listed documents. Plaintiff also asks that the discovery deadline be extended to allow the Defendants time to answer her April 3, 2007 discovery requests.

## DISCUSSION

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party must, without awaiting a discovery request, provide to other parties the name and, if known, the addresses and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. In this case, Defendants provided the names of nine individuals who might have discoverable information in this case. The only address provided by the Defendant was that for the EEOC representative in Little Rock.[1] It did not provide the addresses or telephone numbers for the remaining eight individuals. Rather, Defendants stated that these individual could be contacted through counsel. This is not sufficient. Rule 26(a)(1) requires that the disclosing party provide the address and telephone number of each listed individual likely to have discoverable information in the case. The Defendants has not complied with the requirements of Rule 26(a)(1). Therefore, Plaintiff's Motion to Compel in regards to this information should be granted. Defendants must provide the

---

[1] Later, on January 19, 2007, the Defendant provided the telephone number of the EEOC office in Little Rock to the Plaintiff.

Plaintiff with the addresses and telephone numbers of the remaining eight individuals listed in their Initial Disclosures.

Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure provides that a party must, without awaiting a discovery request, provide to other parties a copy of, or a description by category and location of, all documents in its possession, custody, or control that the disclosing party may use to support its claims or defenses.  In this case, Defendants provided a list of three documents that it may use to support its claims or defenses in this case—Plaintiff's personnel file, EEOC FOIA response and AutoZone's employee handbook.  However, Defendant did not provide Plaintiff a copy of these documents or set forth the location of the documents.  The Defendants has not complied with the requirements of Rule 26(a)(1)(B).  Therefore, the Plaintiff's Motion to Compel in regards to these documents should be granted.  Defendants must provide the Plaintiff with either the location of the listed documents or copies of these documents.

Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure provides that a party must, without awaiting a discovery request, provide to other parties for inspection and copying the disclosing parties' liability insurance policies.  In this case, Defendants stated that AutoZone possessed an EPLI policy.  Under the Rule, Defendants must make this policy available to the Plaintiff for her to inspect and copy.  It does not have to provide her with a copy of the same.  Therefore, Plaintiff's Motion to Compel in regards to AutoZone's liability insurance policies should be granted in part and denied in part.  Defendants are not required to provide Plaintiff with a copy of AutoZone's EPLI policy, but they are required to make the policy available to her for inspection and copying.

On April 3, 2007, Plaintiff propounded upon the Defendant certain interrogatories and requests for productions of documents. Plaintiff asks that the discovery deadline be extended to allow Defendant time to answer these discovery requests. Upon consideration, the Court finds that the discovery deadline should be extended to enable Defendant time to answer Plaintiff's April 3, 2007, discovery requests.

## CONCLUSION

Accordingly, the Court finds that the Defendants have failed to provide Plaintiff with all the information required under Rule 26(a)(1). Therefore, Plaintiff's Motion to Compel is hereby **granted in part and denied in part**. Defendants are hereby ordered to 1) provide the Plaintiff with the addresses and telephone numbers of the remaining eight individuals listed in their Initial Disclosures, 2) provide the Plaintiff with either the location of the Plaintiff's personnel file, EEOC's FOIA response and AutoZone's employee handbook or copies of these listed documents, and 3) make available to the Plaintiff AutoZone's EPLI policy for Plaintiff's inspection and copying. Defendants shall have five (5) days from the filing of this order to provide Plaintiff with the required Rule 26(a)(1) information.

The Court also finds that the discovery deadline should be extended to enable Defendants time to answer the Plaintiff's April 3, 2007, discovery requests. Therefore, Plaintiff's request to extend the discovery deadline is hereby **granted.** Accordingly, Defendants shall have up to and including May 3, 2007, in which to answer Plaintiff's April 3, 2007, discovery requests.

IT IS SO ORDERED, this 17th day of April, 2007.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge